UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHANDRA M.,[1]

                                       Plaintiff,                   Case # 20-CV-01493-FPG

v.                                                                             DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                      Defendant.
_____

## INTRODUCTION

On June 29, 2016, Chandra M. ("Plaintiff") protectively applied for Supplemental Security Income under Title XVI of the Social Security Act (the "Act"). Tr.[2] 95. The Social Security Administration (the "SSA") denied her claim and Plaintiff failed to appear at a hearing held before Administrative Law Judge Paul Georger on November 16, 2018. Tr. 95. Plaintiff failed to show good cause to excuse her absence from the hearing and was deemed to have waived her right to appear at the hearing. Tr. 96. Shortly thereafter, a vocational expert submitted responses to interrogatories. Tr. 292. On June 3, 2019, the ALJ issued an unfavorable decision on the record. Tr. 104. On August 19, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 6. On October 15, 2020, Plaintiff appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 14. For the reasons below, Plaintiff's motion is DENIED, the Commissioner's motion is GRANTED, and the ALJ's decision is AFFIRMED.

---

[1] In order to better protect personal and medical information of non-governmental parties, this Decision and Order will identify the plaintiff using only his first name and last initial in accordance with this Court's Standing Order issued November 18, 2020.

[2] "Tr." refers to the administrative record in this matter. ECF No. 10.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

**LEGAL STANDARD**

I.   **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II.  **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

## DISCUSSION

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 31, 2011, the alleged onset date. Tr. 98. At step two, the ALJ found that Plaintiff has the following severe impairments: asthma and chronic obstructive pulmonary disease ("COPD"). Tr. 98; *see also* 20 CFR §§ 404.1520(c), 416.920(c). In addition, the ALJ found that Plaintiff's history of alcohol and drug abuse was a non-severe impairment. Tr. 99. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments. Tr. 99. Next, the ALJ determined that Plaintiff maintained the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations: "occasional use of ramps and stairs; occasional use of ladders, ropes and scaffolds; occasional balancing, stooping, kneeling, crouching and crawling; occasional exposure to humidity and wetness; occasional exposure to dust, odors, fumes and pulmonary irritants; and occasional exposure to extreme cold and extreme heat." Tr. 99-100.

At steps four and five, the ALJ concluded that there were jobs that existed in the national economy that Plaintiff could perform, including Plaintiff's past relevant work as a Certified Nurse's Assistant—a semi-skilled and medium exertion level occupation—which does not require the performance of work-related activities precluded by Plaintiff's RFC. Tr. 104. As such, the ALJ found that Plaintiff was not disabled from her alleged onset date, December 31, 2011, through the date of the ALJ's decision, June 3, 2019.

**II.    Analysis**

Plaintiff argues that the ALJ "erred in not granting controlling weight to the opinion of Dr. Sahaf, Plaintiff's treating primary care physician." ECF No. 12-1 at 8. Plaintiff further asserts that the ALJ improperly rejected the two opinions of Dr. Sahaf, dated April 9, 2012 and March 17, 2016, on the basis that they were "unsupported and relied too heavily upon Plaintiff's subjective complaints." *Id*. The Commissioner argues that the ALJ properly considered Dr. Sahaf's opinions within the context of the record as a whole and properly found Dr. Sahaf's opinions unpersuasive due to a "lack of supporting medical evidence." ECF No. 14-1 at 15. For the reasons below, the Court agrees with the Commissioner.

The Court concludes that the ALJ reasonably assigned "partial weight" to the opinion of Dr. Sahaf, Plaintiff's treating physician. Tr. 103. Under the treating physician rule, courts generally afford controlling weight to the opinion of a claimant's treating physician so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (alteration in original) (quoting 20 C.F.R. § 404.1527(c)(2)).[4] Such an opinion need not be given controlling weight, however, if it conflicts with "other substantial evidence in the record," *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004) (per curiam), because "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002). An ALJ who declines to afford controlling weight to a treating physician's opinion must give "good reasons" for the decision and consider several factors in determining the appropriate weight, such as (1) the length, nature, and extent of the relationship between the claimant and the physician, (2) the supportability of the physician's

---

[4] The Social Security Administration revised its medical source regulations in 2017, but the new regulations apply only to claims filed on or after March 27, 2017. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5, 844 (Jan. 18, 2017).

opinion, (3) the consistency of the physician's opinion with the record as a whole, and (4) the specialization of the physician providing the opinion. 20 C.F.R. § 404.1527(c)(2)-(5); *see Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000); *see also Smith v. Comm'r of Soc. Sec.*, 731 F. App'x 28, 30 (2d Cir. 2018) (summary order). As a general matter, a "slavish recitation of each and every factor" is not necessary where "the ALJ's reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (summary order).

In this case, the ALJ reasonably afforded "partial weight" to the opinion of Plaintiff's treating physician, Dr. Sahaf, and set forth good reasons for doing so. Tr. 103. First, while Dr. Sahaf opined that Plaintiff had moderate limitations in physical functioning, including that she was "very limited" in using her hands, as of March 2016, the ALJ reasonably concluded that his opinion was primarily based on Plaintiff's subjective complaints. As the ALJ noted, Dr. Sahaf's treatment records contained little to no objective evidence of physical abnormalities or impairments "to support the extent of the limitation opined." Tr. 103; *Smith*, 731 F. App'x at 30; *see also Lewis v. Colvin*, 548 F. App'x 675, 678 (2d Cir. 2013) (summary order) (affirming ALJ's discounting of treating physician's opinion because it was based on claimant's subjective complaints); *Roma v. Astrue*, 468 F. App'x 16, 19 (2d Cir. 2012) (same). Second, Dr. Sahaf saw Plaintiff no more than three times over a period of four years, which is a treatment relationship with a length and frequency "unlikely to provide an adequate basis for a thorough understanding" of Plaintiff's conditions and limitations. *Smith*, 731 F. App'x at 30 (finding ALJ properly afforded "little weight" to treating physician's opinion where physician saw claimant only four times); *see Mongeur v. Heckler*, 722 F.2d 1033, 1039 n.2 (2d Cir. 1983) (physician who examined claimant once or twice had not developed a treatment relationship that would lend weight to that opinion).

Third, as the ALJ reasonably concluded, Dr. Sahaf's opinions were inconsistent with Plaintiff's overall medical record.[5] While the record confirmed the presence of Plaintiff's respiratory issues that warranted some postural and environmental restrictions, no evidence established functional restrictions as significant as those articulated by Dr. Sahaf in his opinions, especially with respect to the use of Plaintiff's hands.  Tr. 103.  The ALJ specifically, and properly, observed that Dr. Sahaf's opinion that Plaintiff was "very limited" in the use of her hands was not supported by "any objective or corroborating medical evidence."  Tr. 103.  While Dr. Sahaf's opinion observed that Plaintiff was diagnosed with carpal tunnel syndrome in 2006, no such diagnosis was made in 2012, nor did any recent or contemporaneous medical opinion suggest that Plaintiff continued to suffer from the condition, much less that the condition's alleged symptoms caused a disabling impairment such that Plaintiff was "very limited" in the use of her hands.  *Id*. Indeed, certain medical evidence of record supports the opposite conclusion, as the ALJ observed. In 2010, for example, Dr. Sahaf had cleared Plaintiff to work as a Certified Nursing Assistant without any functional restrictions.  Tr. 336.  In addition, shortly before Plaintiff's 2016 visit with Dr. Sahaf—in which his most restrictive assessment was produced—Plaintiff reported no medical complaints and indicated that she had been "Etching Glass, mirrors, wood, and has been making some good money at this."  Tr. 372, 377.

"It is the ALJ's job to resolve conflicting record evidence," and the Court "must defer to that resolution."  *Dyana G. o/b/o J.A.G. v. Comm'r of Soc. Sec.*, No. 19-CV-805, 2021 WL 465249, at *3 (W.D.N.Y. Feb. 9, 2021).  As a result, "under the substantial evidence standard of review, it is not enough for [P]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support [her] position."  *Gonzalez-Cruz v. Comm'r of Soc. Sec.*,

---

[5] The ALJ's consideration of the specialization of the physician providing the opinion, Dr. Sahaf, is not at issue in this case.  20 C.F.R. §§ 404.1527(c)(5).

294 F. Supp. 3d 164, 187 (W.D.N.Y. 2018).  A claimant cannot obtain remand merely by citing "evidence that arguably supports more restrictive limitation"; she must "articulate how the ALJ's [contrary] finding […] was erroneous." *Piotrowski v. Comm'r of Soc. Sec.*, No. 18-CV-6075, 2019 WL 2266797, at *6 (W.D.N.Y. May 28, 2019).

Contrary to Plaintiff's argument, the ALJ properly relied upon sufficient record evidence to conclude that Dr. Sahaf's opinions were inconsistent with substantial evidence in Plaintiff's medical record.  Plaintiff has not shown or adequately articulated, as she must, that the ALJ's findings were "erroneous."  *Id.*  For these reasons, Plaintiff's motion must be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 12, is DENIED, the Commissioner's motion for judgment on the pleadings, ECF No. 14, is GRANTED, and the ALJ's decision is AFFIRMED.  Plaintiff's complaint is DISMISSED WITH PREJUDICE.  The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated:  March 22, 2023
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Court
Western District of New York